FILED

December 16 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0287

DA 14-0287

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 331N

STATE OF MONTANA,

> Plaintiff and Appellee,

v.

ERIC LAT BAILEY,

> Defendant and Appellant.

APPEAL FROM:  District Court of the Second Judicial District,
In and For the County of Butte/Silver Bow, Cause No. DC-09-117
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Eric Lat Bailey, self-represented, Deer Lodge, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General; Brenda K. Elias, Assistant
Attorney General, Helena, Montana

Eileen Joyce, Butte-Silver Bow County Attorney, Butte, Montana

Submitted on Briefs:  December 3, 2014
Decided:  December 16, 2014

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Eric Lat Bailey appeals the Second Judicial District Court's denial of his Motion to Modify Court Orders with respect to his visiting privileges with his minor children at Montana State Prison (MSP). Bailey was sentenced in July 2010 on his plea of guilty to the offense of Sexual Intercourse Without Consent. All but thirty days of his eight-year sentence were suspended. The sentencing court imposed numerous conditions on the suspended term, including standard sex offender conditions prohibiting unsupervised contact with children. Bailey's suspended sentence was revoked in 2012 and he was sentenced to a term of eight years in prison, with credit for time served. The court's March 30, 2012 Judgment included the following language:

> IT IS ALSO THE RECOMMENDATION OF THIS COURT that should the Department grant the Defendant parole or early release that they consider the previous conditions of supervision set forth by this Court in its original Judgment of July 6, 2010.

¶3 Bailey filed a motion with the sentencing court on February 10, 2014, requesting the court to modify its judgment "so he can visit his biological children in the well supervised visiting room, by trained staff here at the Montana State Prison." The Court

denied the motion on April 4, 2014, stating its position "that the original judgment stands as written, and it is up to the Department of Corrections to implement this Court's orders as it interprets the terms and conditions stated therein." Bailey appeals.

¶4 The State agrees with Bailey that the condition included in his judgment that restricts Bailey's unsupervised contact or socialization with minors does not apply while he is incarcerated but "relates solely to his term of probation[.]" The court's denial of Bailey's motion, the State suggests, "underscores the argument that the probationary condition should not affect the conditions of his confinement at MSP." It argues nonetheless that the sentencing court lacks authority to direct MSP's management decisions and especially cannot do so in conjunction with Bailey's request to modify his sentencing order, which the court has no authority at this point to modify or change.

¶5 "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Quigg v. Slaughter*, 2007 MT 76, ¶ 31, 336 Mont. 474, 154 P.3d 1217 (quoting *Wright v. Mahoney*, 2003 MT 141, ¶ 8, 316 Mont. 173, 71 P.3d 1195). Our cases long have recognized that "prison officials are accorded 'wide ranging deference' in adopting and executing policies to preserve internal order and discipline among the inmates, including 'prophylactic and preventative measures intended to reduce the incidence' of breaches of prison order." *Jellison v. Mahoney*, 1999 MT 217, ¶ 12, 295 Mont. 540, 986 P.2d 1089.

3

¶6     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  The District Court correctly denied Bailey's motion, because the sentencing court may not direct the administration of the prison's visiting rules and restrictions for a particular inmate.  Nonetheless, the State having conceded that the conditions imposed in Bailey's judgment plainly do not apply to the terms of his incarceration, we direct counsel for the State to provide the Department of Corrections with a copy of this opinion.

¶7     Affirmed.


                                                    /S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA